**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KEVIN MCDOWELL,

      Plaintiff-Appellant,

v.

FARMLAND INDUSTRIES, INC.,

      Defendant-Appellee.

No. 98-3100
(D.C. No. 96-CV-1138)
(D. Kan.)

---

**ORDER AND JUDGMENT**  *

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kevin McDowell appeals the district court's order granting summary judgment to defendant on his claim that defendant's decision to terminate his employment violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In 1975, plaintiff was employed by defendant as a transfer pumper. He sustained numerous injuries while working. In 1989, plaintiff suffered an on-the-job injury to his left knee and received workers' compensation benefits. After he returned to work from that injury, Steve Bruning, the plant manager, posted a notice showing the monetary cost to the employer of plaintiff's knee injury. Bruning left defendant's employ in March of 1992. On March 12, 1992, plaintiff injured his right knee. He claimed the injury had occurred while he was at work, even though the injury was not reported until April 6, 1992. Plaintiff again received workers' compensation benefits. Following his return to work after this injury, plaintiff's supervisor, Tom Harm, sent him a notice stating he was very concerned about the number of accidents in which plaintiff had been involved. Plaintiff met with Harm who plaintiff alleges told him he was thinking of moving him to another department because of his knees, but he admits that Harm never stated he could not perform the duties of transfer pumper. Plaintiff

was not transferred, but continued working as a transfer pumper until his employment was terminated.

In 1982, plaintiff and others were laid off as part of a reduction in force. In 1983, many of those laid off were rehired, including plaintiff. In 1991, defendant decided it could retain only eighteen employees. The criteria for retaining employees were seniority, performance and skills. Plaintiff initially was on the list of employees to be retained, but two employees with less seniority were moved ahead of him because they possessed skills plaintiff did not. As a result, plaintiff's employment was terminated in October 1992. He sued, claiming violation of the ADA. The district court entered summary judgment in favor of defendant, concluding that plaintiff had failed to show that he was perceived to be disabled or that defendant discharged him based on a perceived disability.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

The ADA prohibits employers from discriminating against qualified individuals with disabilities, on the basis of the disabilities, regarding conditions

and privileges of employment. See 42 U.S.C. § 12112(a). A "disability" is defined as:

>   (A)   a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
>   (B)   a record of such an impairment;
>
>   (C)   being regarded as having such an impairment.

Id. § 12102(2). "Thus, a person is 'regarded as having' an impairment that substantially limits the person's major life activities when other people treat that person as having a substantially limiting impairment. The focus is on the impairment's effect upon the attitudes of others." MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1444 (10th Cir. 1996) (quotation omitted).

Plaintiff asserts that defendant violated the ADA because it regarded him as having a disability and terminated his employment for that reason. He does not claim that he has an impairment that actually limits any major life activity or that defendant believed he had a physical or mental impairment. Rather, plaintiff alleges that defendant regarded him as disabled due to his history of filing workers' compensation claims.

The district court held that plaintiff had failed to present a prima facie case. To prevail on a claim of discriminatory discharge under the ADA, a plaintiff must show (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, i.e., with or without reasonable accommodation, he is able to perform

-4-

the essential functions of his job; and (3) that his employer fired him because of his disability.  See White v. York Int'l Corp. , 45 F.3d 357, 360-61 (10th Cir. 1995).  "[T]he plaintiff bears the initial burden of establishing a prima facie case by a preponderance of the evidence."  Butler v. City of Prairie Village , No. 97-3291, 1999 WL 191116, at *9 (10th Cir. Apr. 6, 1999).

Plaintiff maintains that defendant perceived him as disabled because he had filed two workers' compensation claims in the past and supervisor Harm feared he would injure himself again and file additional claims.  Plaintiff's reliance on the appendix to 29 C.F.R. part 1630 is misplaced.  That regulation provides that an individual will be regarded as disabled if he can show that an employment decision was made "because of a perception of disability based on 'myth, fear or stereotype.'"  Id. pt. 1630, app.  Moreover, an employer may refuse to hire a handicapped individual who poses a significant danger to himself or others in the workplace, where the danger cannot be eliminated by reasonable accommodation.  See 42 U.S.C. §§ 12111(3), 12113(b);  LaChance v. Duffy's Draft House, Inc. , 146 F.3d 832, 835-36 (11th Cir. 1998) (termination of employee with epilepsy did not violate ADA where plaintiff failed to produce evidence that he was not risk of harm to himself and others; employer considered his disability individually, not stereotypically; and plaintiff did not show reasonable accommodation was available);  Daugherty v. City of El Paso , 56 F.3d

695, 698 (5th Cir. 1995) (ADA allows qualification standards for safety when hiring individual with disability);     cf. Knapp v. Northwestern Univ.   , 101 F.3d 473, 483 (7th Cir. 1996) (under Rehabilitation Act, significant risk of injury can disqualify person if risk cannot be eliminated, but risk of injury must be examined with care);  Mantolete v. Bolger  , 767 F.2d 1416, 1422-23 (9th Cir. 1985) (Rehabilitation Act permits employer to screen out individuals on basis of possible future injury where risk of harm is substantial, but requires employer to evaluate whether risk of harm can be reasonably accommodated).  Here, however, we need not discuss the circumstances under which an employer may decline to employ a handicapped individual based on safety concerns because we reject plaintiff's claim that defendant regarded him as disabled solely because he had a history of filing workers' compensation claims.       [1]

We reject plaintiff's "regarded as disabled" claim for the additional reason that he has not shown that defendant perceived that he was substantially limited in one or more major life activities.     See 42 U.S.C. § 12102(2)(A), (C).  Plaintiff must identify the major life activity defendant believed was limited by his impairment.  See Poindexter v. Atchison, Topeka & Santa Fe Ry.    , 168 F.3d 1228, 1230 (10th Cir. 1999).  Plaintiff claims that defendant regarded him as being

---

[1]     We express no opinion on whether an employee discharged for filing for workers' compensation may have a claim under another theory.

disabled from performing all heavy labor jobs. We will assume without deciding that heavy labor is "either a class of jobs or a broad range of jobs in various classes," that qualifies under the ADA as a major life activity of working. Bolton v. Scrivner, Inc. , 36 F.3d 939, 942 (10th Cir. 1994) (quotation and emphasis omitted). Defendant continued to employ him in the position of transfer pumper until the conclusion of his employment. It is undisputed that the transfer pumper job required heavy lifting and other tasks requiring physical strength and flexibility. We conclude that plaintiff has failed to establish the first criterion of a prima facie case–that he is a disabled person within the meaning of the ADA–because he has failed to demonstrate that defendant regarded him as having an impairment that substantially limited one or more major life activities. Accordingly, summary judgment was appropriate because plaintiff "fail[ed] to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

The opinions of plaintiff's former coworkers, reported by an investigator for the Kansas Human Rights Commission, are inadmissable hearsay and therefore are inadequate to resist summary judgment. See Jeffries v. Kansas , 147 F.3d 1220, 1224 n.1 (10th Cir. 1998). Moreover, the coworkers' statements are irrelevant, given our holding that an employer's belief that an individual is

a high risk for workers' compensation claims, without more, is not a disability under the ADA.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge